# Way, Appellant, *v.* Fraser.

*Landlord and tenant—Lease—Contract to make lease—Evidence— Rental.*

1. An action for a breach of contract to make a lease cannot be sustained by a letter written by the defendant to the plaintiff expressing a willingness to make a lease for three or five years at a rental named but without mentioning other usual stipulations in leases, and asking the plaintiff to let him know soon if this offer interested him, and by a letter from plaintiff to defendant inclosing a form of lease containing numerous terms and conditions in no way referred to in defendant's letter, and by a further letter from defendant to plaintiff stating that he would "not be open for a lease at this time."

*Landlord and tenant—Parol lease—Statute of frauds—Evidence.*

2. A parol offer to lease a property for three years at a rental named followed by a submission to the proposed lessee of a form of written lease containing numerous terms and conditions not mentioned in the parol agreement, which form of lease was never executed by the proposed lessee, is not an acceptance in accordance with the terms of the parol offer and does not meet the requirements of the statute of frauds, and is, therefore, invalid.

VOL. CCXXX—4

Argued Oct. 21, 1910. Appeal, No. 112, Oct. T., 1910, by plaintiffs, from judgment of C. P. No. 2, Allegheny Co., April T., 1909, No. 301, for defendant on demurrer to statement in case of William A. Way, Frederick Way for the use of William A. Way et al., v. W. P. Fraser. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Demurrer to plaintiff's statement of claim.

FRASER, P. J., stated the facts to be as follows:

Plaintiffs are the owners of a four-story brick warehouse at No. 439 Liberty avenue, Pittsburg. Defendant, with W. B. Loveless, contemplated engaging in the wholesale shoe business in the city of Pittsburg, and with a view to leasing the property of plaintiffs for a place of business Mr. Loveless had a conversation with William A. Way, one of the plaintiffs, acting for himself and as agent for his coplaintiffs, which conversation was followed by a letter from Mr. Loveless to Mr. Way, dated December 30, 1904, and is as follows:

"I did not get the opportunity yesterday to call you up after I had talked with my partner. We do not feel that we care to obligate ourselves for a longer lease than three years or five at the rent offered, viz., $4,000.

"If this offer interests you let me know sometime soon, as we want to get the matter off our hands. We have two or three locations under consideration, but I prefer your place myself."

The property referred to in the letter quoted being the warehouse of plaintiffs at No. 439 Liberty avenue. Following the receipt of the foregoing letter by Mr. Way he and Mr. Loveless had a second conversation, and Mr. Way agreed to lease the warehouse to Messrs. Loveless and Fraser for three years, from April 1, 1905, at an annual rental of $4,000. Thereupon, on December 30, 1904, Mr. Way prepared and mailed to Mr. Loveless a lease for the premises with which he inclosed a letter which reads as follows:

"I have received your letter of the 30th inst. regarding lease of building at No. 439 Liberty Street, and confirming my conversation with you this morning, I beg to hereby accept your proposition, and inclose leases of the building to you and Mr. Fraser for three years at the rate of $4,000, the amount suggested in your letter. Kindly have one of these leases signed by yourself and Mr. Fraser and the signatures duly witnessed and return the same to me as soon as possible. We will note that in the lease I have excepted the right of Forner & Purviance to remove the office fixtures which belong to them, and I call your attention to this now so that there may be no misunderstanding on this point. If you desire me to take up with Messrs. Forner & Purviance for you, the matter of purchasing these office fixtures I should be glad to see what could be done. I have not told them who the new tenant is, and possibly I could make a better arrangement for you than you could make."

On January 13, 1905, the leases prepared by Mr. Way were returned to him by defendant unexecuted, with a letter as follows:

"After conferring with Mr. Loveless we have decided to both take a much needed rest before going ahead with the jobbing business, and will, therefore, not be open for a lease at this time."

No further conversation or correspondence was had between the parties. Plaintiffs' contention is that the conversation between Messrs. Loveless and Way, together with the letters of December 30, 1904, constitute a lease between plaintiffs and defendant for the Liberty avenue property for three years at the annual rental of $4,000, and that defendant (Mr. Loveless having since died) is indebted to plaintiffs on account of such lease in the sum of $11,142.84, with interest from April 1, 1908, being the balance due for the full term of three years after deducting the amount realized by plaintiffs from temporary tenants during the term. Attached to plaintiffs' supplemental statement is a copy of the lease and duplicate prepared

by Mr. Way and mailed to Mr. Loveless. These leases provide, inter alia, that lessees shall take the property "subject to the right of present tenants to remove office partitions and fixtures;" that the property shall be used for no other purpose than the wholesale shoe business; that the rental shall be payable monthly in advance, and that the lessees shall make all necessary repairs at their own expense.

To plaintiffs' amended statement defendant demurs, alleging (1) that the statement sets forth no complete contract for leasing the premises described; (2) the conversations alleged to have taken place between Mr. Way and Mr. Loveless as to a lease for three years from April 1, 1905, could not constitute a lease or contract for the making of a lease for such period, and (3) the written leases submitted by Mr. Way contained conditions and provisions which it is not alleged defendant authorized Mr. Loveless to agree to or accept.

*Error assigned* was in entering judgment for defendant on demurrer.

*James R. Sterrett,* of *Patterson, Sterrett & Acheson,* for appellants.—As to the sufficiency of the letters to constitute a contract see: Weaver v. Wood, 9 Pa. 220; Watson v. O'Hern, 6 Watts, 362; Moore v. Miller, 8 Pa. 272; Bussman v. Ganster, 72 Pa. 285; Kaufmann v. Liggett, 209 Pa. 87.

In any event the contract is not required by the statute to be signed by the tenant; the signature of the lessor is sufficient to satisfy the statute. This position is established by the cases of Christy v. Brien, 14 Pa. 248; Tripp v. Bishop, 56 Pa. 424; Pittsburg Mfg. Co. v. Title & Trust Co., 207 Pa. 223.

*George E. Alter,* of *McKee, Mitchell & Alter,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 3, 1911:

On demurrer the learned court below entered judgment

for defendant from which judgment so entered this appeal was taken. Appellants contend that their theory of the case was misapprehended in that it was treated as a suit on a lease when it was only intended as a suit for the breach of a contract to make a lease. It is perfectly clear, however, that no matter whether the suit was on an executed lease or on a contract to make a lease which in point of fact was not executed, the burden was on plaintiffs to aver sufficient facts to show a valid consummated contract. As we view the case this burden was not met. The correspondence between Loveless, Way and Fraser, set out in the statement of claim and relied on by appellants, falls far short of constituting either a contract of lease or a contract to lease. We agree with the learned court below that the Loveless letter was only an expression of his willingness to negotiate for a lease and was not a definite offer containing the terms and conditions upon which he would lease the property. The most casual reading of the letter shows that further negotiations were intended and no final conclusion had been reached. He expressed his willingness to make a lease for three or five years at the rental suggested and asked Way to "let me know sometime soon" if this offer interested him. These words do not import finality but do suggest further negotiations. Nothing was said as to the time when possession was to be given, or whether the rental should be paid monthly or yearly, what kind of business should be conducted, whether the lessee should have the right to sublet and how the rent should be secured. All of these matters, important in every contract of lease, were clearly intended to be taken up and determined by the parties when the final agreement was made. When, therefore, Way took upon himself the right to execute a lease with all of the terms and conditions stipulated he assumed to act before any final agreement had been consummated. Loveless was not bound to accept the lease thus prepared by Way and he did not do so. So far as the letters show Loveless never

did enter into a final agreement to lease the property in question. Fraser notified Way in writing that they had concluded not to go into business and would "not be open for a lease at this time." Here was positive notice before any final agreement had been reached so far as is disclosed by the letters relied on that the parties who were negotiating for a lease had concluded not to make it. The conclusion is irresistible that the appellants failed to make out a case showing a contract by the writings set up. It is contended, however, that Way had a conversation with Loveless during the time the negotiations were pending and that Loveless had agreed to make the lease. If this parol agreement is relied on, it is invalid because clearly within the statute of ʹfrauds. The averment is that Way "had a conversation with W. B. Loveless and agreed with him on a lease for said property to W. B. Loveless and W. P. Fraser for three years at four thousand ($4,000) dollars per year." This is a positive averment that a lease of the property had been agreed upon in that conversation and it follows as of course that this suit is based upon the breach of the contract set up. The parol contract set up was a lease of the property for a term of three years. Such a contract, if made by parol, is within the statute of frauds and therefore invalid. It is argued, however, that the conversation relied on was in the nature of a verbal offer to lease and the acceptance by the lessor who executed and tendered a lease in writing meets the requirements of the statute. This would be true if the acceptance was unconditional and in compliance with the terms of the offer. In the present case the acceptance was not unconditional nor was it in accordance with the averments set out in the statement as above indicated. The averment is that Loveless agreed with Way on a lease for three years at $4,000 per year. The import of these words is an annual rental and a three-year term. The so-called acceptance was an executed lease stipulating a monthly rental in advance and many other terms and conditions which it is not even averred

were agreed upon. The proposed lessees were not bound by a lease containing terms not agreed upon and not in accordance with the alleged parol offer.

We are of opinion that the averments are not sufficient to show a valid binding contract to lease the property or an executed agreement of lease accepted according to the terms of the offer. In either event the record fails to disclose a good cause of action.

The case was very thoroughly considered by the learned court below and we concur in the views there expressed.

Judgment affirmed.