## Cohen, Appellant, *v.* Smith.

*Landlord and tenant—Lease—Receipt or lease—Evidence.*

1. In an action to recover damages for the failure on the part of the defendant to give the plaintiff possession of a store-room in accordance with the terms of an alleged written lease, the plaintiff relied upon the following paper: "Punxsutawney, Pa., June 22, 1910. Received of Cohen and Lewis $25 as payment for rent on store-room located at Mahoning street at the rate of $87 per month. Store to be fitted up to suit the business, namely, two windows two feet deep, shelving, painting, papering, etc., furnish heat. The building to be completed and ready for business Aug. 1, 1910. E. W. Smith." There was uncontradicted evidence that the parties did not understand that this paper was a lease. *Held*, that the paper was a receipt and not a lease.

Argued October 7, 1912. Appeal, No. 202, Oct. T., 1911, by plaintiff, from judgment of C. P. Jefferson Co., Nov. T., 1910, No. 267, on verdict for defendant in case of Reuben Cohen v. E. W. Smith. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit for breach of contract. Before BALDRIDGE, P. J., specially presiding.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various instructions.

*W. M. Gillespie* and *Jacob L. Fisher,* for appellant.— It was error to admit evidence as to the understanding of the parties: Fry v. Nat. Glass Co., 207 Pa. 505; Fisher v. Deibert, 54 Pa. 460.

The construction of an unambiguous contract is for the court: Keefer v. School District, 203 Pa. 334; Hillman v. Joseph, 9 Pa. Superior Ct. 1; Carson v. Hosiery Co., 15 Pa. Superior Ct. 476.

*W. B. Adams* and *Charles Corbet,* for appellee.—So long as there are terms or conditions to be arranged, fixed or determined by parties, although a part of the terms be put in writing, and their assents are withheld from a final contract until it is put in writing and signed by them, there is no contract between them: Smith v. Loag, 132 Pa. 301; Zœbisch v. Rauch, 133 Pa. 532; Leskie v. Haseltine, 155 Pa. 98; Sparks v. Pittsburgh Co., 159 Pa. 295; Clark v. Pittsburgh Natural Gas Co., 184 Pa. 188; James v. Penn Tanning Co., 221 Pa. 634; Way v. Fraser, 230 Pa. 49.

OPINION BY MR. JUSTICE BROWN, January 6, 1913:

Appellant's claim for damages is based upon what he alleges was the failure of the appellee to give him possession of a store-room in accordance with the terms of a written lease. The following is a copy of what he avers is the lease from the appellee: "Punxsutawney, Pa., June 22, 1910. Received of Cohen and Lewis $25 as payment for rent on store-room located at Mahoning street (building formerly occupied by Spirit Publishing Co.), at the rate of $87 per month. Store to be fitted up to suit the business, namely, two windows two feet deep, shelving, painting, papering, etc., furnish heat. Lease on store-room to be for five years from April 1, 1911. The building to be completed and ready for business Aug. 1, 1910. E. W. Smith." Lewis dropped out of the transaction shortly after Smith signed the paper, and whatever rights were granted by it passed to Cohen, who is entitled to recover, if the appellee is liable for a breach of contract.

The main contention of the appellant is that the written instrument which forms the basis of his claim is an unambiguous lease, and the court below should have so construed it instead of permitting a jury to determine whether it was a mere receipt for $25, to be credited as rent on a lease subsequently to be entered into by the parties. In submitting this question to the jury they

were instructed as follows: "The first question for you to determine is whether or not this paper of June 22d is a lease or receipt. If it is a receipt and the parties contemplated a lease subsequently to it, which they were to sign, then it will be your duty to find a verdict for the defendant and you will have nothing whatever to do with damages. If, on the other hand, you conclude from the weight of the evidence that the paper of June 22d was a lease, that the parties believed that it was a finality so far as the leasing was concerned, and that there was a meeting of the minds, then it will be your duty to go into the second question of determining the damages that the plaintiff has sustained."

The paper signed by the appellee is not, as appellant contends, "a clear, plain, unambiguous contract of lease," and the learned trial judge would have erred if he had so interpreted it in the face of appellee's objection to it as a formal lease. It is not signed by a lessee and does not embrace the ordinary terms of a lease. On the contrary, it apparently contemplated the subsequent execution of a lease, if the natural meaning is to be given to the words "Lease on store-room to be for five years from April 1, 1911"; and again, there is no provision as to the payment of the rent. There is a mere statement that the rent is to be "at the rate of $87 per month." To a landlord there is no more important item in a lease than the provision for the payment of the rent, and it is equally important to the tenant that he know when he is to pay; but, from the paper which the appellant insists is a lease, who can tell when the rent was to be payable? Was it to be monthly, quarterly or yearly? If there was a completed contract between the appellant and the appellee for the lease of the store-room for a term of five years, it may be safely assumed that they would have entered into it in writing in the ordinary way, signed by them respectively as lessor and lessee, and containing, among other provisions, one as to the time the rent would be payable. In this connec-

tion it may be proper to note that an averment in plaintiff's statement of claim is that the appellee "did not make, execute and deliver to plaintiff the lease contemplated by the contract of the parties, as evidenced by the foregoing receipt."

The jury found upon ample evidence that the appellant and appellee had not entered into a lease and that the paper given by the latter to the former was not a completed contract. A brief reference to the testimony will suffice to vindicate the verdict. The appellant, when called as a witness on his own behalf, admitted that it was his understanding that when the store-room was finished a lease was to be drawn; that he himself, after June 22, 1910, had submitted a written memorandum of the provisions which he wished to be incorporated in the lease, and that he did not wish to sign a lease until the building was completed; and the testimony of the appellee was that he said to the appellant, "Now, maybe this is a little fast and we will not agree when we come to writing out a lease; and if we cannot agree I will pay you the $25.00 back." This was not contradicted by the appellant.

The receipt given by the appellee is too vague, indefinite and uncertain to be enforced as a formal lease. All matters important in every contract of lease were clearly intended to be taken up and determined by the parties when the final agreement was made. This, in effect, was the finding of the jury, and there was, therefore, no breach of a contract on the part of the appellee entitling the appellant to damages: James v. Penn Tanning Co., 221 Pa. 634; Way v. Fraser, 230 Pa. 49. The question of fact involved in this controversy was submitted to the jury in a charge free from error, and, as there is nothing in the assignments complaining of the court's rulings on matters of evidence which calls for reversal, the judgment must be affirmed.

Judgment affirmed.